No. 21,581.

ROBERT BOYD, *Appellant,* v. HERBERT DEXTER et al., *Appellees.*

SYLLABUS BY THE COURT.

TAXATION—*Notes and Securities—Owned by Resident of Kansas—Situs for Taxation.* The evidence held to support a finding that the plaintiff was a resident of Kansas, and therefore required to pay taxes here upon his intangible personal property.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed June 8, 1918. Affirmed.

*F. Dumont Smith,* of Hutchinson, and *E. E. Glasscock,* of Larned, for the appellant.

*W. H. Vernon, jr.,* of Larned, and *W. P. Montgomery,* of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: In April, 1916, the board of county commissioners of Pawnee county placed upon the tax roll notes and mortgages owned by Robert Boyd, valued at $143,865. In the following October he brought an action to enjoin the collection of a tax based thereon, upon the ground that he was not a resident of Kansas. He was denied relief, and appeals.

The whole controversy turns upon the question of fact, whether or not the plaintiff on the first day of March, 1916, was a resident of this state. The only witness produced was the plaintiff himself, who testified that he had been a resident of Pawnee county from 1887 until about the first of January, 1915, when he went to California, with his family, with the intention of making his permanent home there, and then became and has ever since remained a resident of that state. The court made findings of these facts, among others: The plaintiff had been offering his house in Larned for sale for six years; in 1914 he advertised such offer in a local paper; he sold the property a week before the hearing; for a number of years and up to the time of the trial he had kept a desk and safe in the office of a firm in which his son was a partner, where he transacted such business as he had; about January 1,

1915, he went to California and rented furnished apartments at Long Beach; in May, 1915, he and his family returned to Larned and occupied their house as they had before done; in October, 1915, they again went to California, and in June, 1916, they returned to Kansas and again occupied their furnished house, where they lived up to the time of the trial, except for a month spent at Excelsior Springs; on May 24, 1916, the plaintiff registered as a voter in California, but never voted there; he did not furnish the rooms rented at Long Beach and did not retain them when he came back to Larned.

These facts are not determinative of the issue. No one of them is necessarily inconsistent with the conclusion that the plaintiff's residence had all the time remained in Kansas, nor with the conclusion that a change therein had been effected. The situation was such that the physical facts would fit into either hypothesis, and the matter was controlled by the plaintiff's intention. The trial court obviously believed that the plaintiff never did in fact form a present intention of making himself a resident of California—that what he did tending to show such a state of mind, including his registration as a voter, was merely colorable, with a purpose of evading the payment of his taxes. The truth of his statements, and the debatable inferences to be drawn from the established facts, were for the decision of the trial court, and we cannot say that the conclusion reached was without support.

The judgment is affirmed.